**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| FRANCISCO RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CR. No. C-07-334 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**ORDER GRANTING MOTION FOR COPY OF JUDGMENT**
**AND DENYING WITHOUT PREJUDICE OTHER CLAIMS**

On January 25, 2010, the Clerk received from Defendant Francisco Rivera a letter motion in which he requests a copy of the judgment in his case. (D.E. 25.) He claims that his current place of incarceration is refusing to consider him for halfway house placement and that the Court's judgment will show that the Court "ordered" he could go to a halfway house. (D.E. 25 at 1.) Rivera has also attached a one-page "Note" in which he complains about the staff at his current place of incarceration, in Terre Haute, Indiana. Specifically, he complains that he has been misclassified and that the staff there miscalculated the length of his sentence. He also complains that, because he recently filed complaints, the staff is retaliating against him by bringing "charges" against him. (D.E. 25 at 2.) He ends his "Note" by stating that "Something needs to be done about staff at Terre Haute Indiana." (Id.)

To the extent that Rivera is asking for a copy of his judgment from this Court, his motion is GRANTED. The Clerk is directed to provide a copy of Rivera's criminal judgment (D.E. 23) to him. The Court notes, however, that the judgment does not refer to an "order" or recommendation for placement in a halfway house.

Rivera's remaining allegations are not properly before this Court. To the extent he is complaining about the manner in which the BOP is computing his sentence, he needs to file a petition pursuant to 28 U.S.C. § 2241, after first exhausting administrative remedies. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted). Additionally, Rivera should file any such § 2241 petition in the district where he is incarcerated. See Pack, 218 F.3d at 451.

Similarly, to the extent he is alleging that his constitutional rights are being violated by the staff, these are challenges to his conditions of confinement, and should be asserted in a civil complaint. The undersigned notes, however, that Rivera has not styled his action as a civil rights complaint, nor has it been docketed as one. Thus, it is not clear whether he intended to file a civil rights complaint. He also has not paid the filing fee for such a civil rights complaint nor sought leave to proceed *in forma pauperis*. Thus, he has not provided anything to suggest he intended to file a civil rights complaint.

Even if he had shown a clear intent to file such a motion, moreover, complaints such as those he raises, to the extent that they are cognizable, should be brought in the district where a substantial part of the events giving rise to the claim arose (which is where he was incarcerated at the time of the alleged civil rights violations), or where any of the defendants reside. See 28 U.S.C. § 1391(b). His petition nowhere alleges that any of these violations occurred with the jurisdiction of the Southern District of Texas or that any of the (unnamed) defendants reside within the Souther District of Texas. Instead, Rivera is currently incarcerated in Terre Haute, Indiana. Thus, to the extent he

wants to file a civil rights action alleging that violations have occurred or are occurring at his current place of incarceration, any civil rights action should be filed in federal court in the proper district in Indiana.

## CONCLUSION

For the foregoing reasons, Rivera's request for a copy of his judgment is GRANTED. The Clerk is directed to provide a copy of Rivera's judgment to him (D.E. 23) with his copy of this Order. To the extent Rivera is asking for any relief as a result of any other allegations, his claims are DISMISSED WITHOUT PREJUDICE to his ability to assert those claims in the proper type of action in the proper jurisdiction.

It is so ORDERED this 29th day of January, 2010.

_____
Janis Graham Jack
United States District Judge